## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RGN-Group Holdings LLC, *et al.*,<br><br>                    Debtors. | Bankruptcy Case No. 20-11961 |
| RGN-Group Holdings, LLC,<br><br>                    Appellant,<br><br>v.<br><br>Teachers Insurance and Annuity<br>Association of America,<br><br>                    Appellee. | C.A. No. 22-383-RGA<br><br>Bankr. BAP No. 22-28 |

## <u>RECOMMENDATION</u>

At Wilmington this **12th** day of **May, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal largely presents questions of law, as well as facts, that arise entirely from this action's sister case[2] pending before Judge Andrews.  This Appeal involves an order awarding attorneys' fees and the sister case involves an appeal of the underlying merit-related order upon which the attorneys' fees order is predicated.  In the sister case, the parties engaged in mediation before Magistrate Judge Christopher J. Burke, which was unsuccessful.  Therefore, neither party believes that a formal mediation would be productive at this time.  This judge agrees.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Because this Recommendation is consistent with the parties' joint request, no objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.


/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

---

[2] *RGN-Group Holdings, LLC et al. v. Teachers Insurance and Annuity Association of America,* C.A. No. 21-1430-RGA.